**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| EDWARD T. BROCK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:11-CV-00083-RWS |
| BANK OF AMERICA, N.A., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

This case comes before the Court on Defendant Bank of America, N.A.'s

Motion for Summary Judgment ("Def.'s Mot. for Summ. J.") [11].  After

reviewing the record, the Court enters the following Order.

## **Background**

On June 17, 2010, Plaintiff filed this action in the Superior Court of

Barrow County, Georgia, seeking to recover moneys owed on a $45,000.00

certificate of deposit ("CD"), which Plaintiff allegedly obtained from Defendant

and which Defendant allegedly mishandled or misplaced.  (Compl., Dkt. [1-4]

¶¶ 1-4.)  Specifically, Plaintiff alleges that he discovered documentation of the

CD among his legal papers in 2008, some years after he allegedly purchased it,

at which time he presented it to personnel at Defendant's branch in Winder, Georgia. (Id. ¶ 2.) Plaintiff alleges that due to the age of the CD, Defendant's personnel informed Plaintiff they would have to examine their records to ensure that the CD had not been cashed out or renewed. (Id. ¶ 3.) When Plaintiff failed to receive any further correspondence from Defendant regarding the CD, Plaintiff returned to Defendant's Winder, Georgia bank branch, at which time he allegedly was informed that Defendant's personnel had lost the CD. (Id. ¶ 4.) Plaintiff's Complaint followed, and Defendant timely removed the action to this Court on the basis of diversity jurisdiction. (Notice of Removal, Dkt. [1].) Defendant now moves for summary judgment, arguing that Plaintiff has failed to produce any evidence–short of his own, self-serving deposition testimony–to support his claim that Defendant mishandled or lost a $45,000.00 CD issued by Defendant to Plaintiff. (See generally Mem. of Law in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mem."), Dkt. [11-1].)

The undisputed facts are as follows. Plaintiff testified at his deposition that he purchased a $45,000.00 CD from Defendant. (Def.'s SMF Ex. A, Dkt. [11-3] at 8 of 20, 4/14/2011 Dep. of Edward T. Brock ("Pl.'s Dep."), at 17:1-10.) Aside from this deposition testimony, Plaintiff has put forward no other

2

evidence that he purchased the purported CD from Defendant. (Id. at 10 of 20, Pl.'s Dep., at 19:16-20.) Nor has Plaintiff produced any evidence regarding the date, month, or year in which he allegedly made the purchase. (Id. at 7 of 20, Pl.'s Dep., at 15:12-25.) Plaintiff agrees with Defendant that bank customers generally receive monthly, quarterly, or annual account statements regarding CD accounts, and that a primary purpose of holding cash in a CD is to benefit from the accumulation of interest. (Def.'s SMF, Dkt. [11-2] ¶¶ 6, 8; Pl.'s Resp. to Def.'s SMF, Dkt. [17] ¶¶ 6, 8.) Plaintiff, however, does not recall ever receiving any account statement regarding the purported CD, nor does he recall ever receiving any interest distributions from it. (Def.'s SMF, Dkt. [11-2] ¶¶ 6-7, 9; Pl.'s Resp. to Def.'s SMF, Dkt. [17] ¶¶ 6-7, 9.)

Plaintiff testified in his deposition that he discovered documentation of the CD among his files at his home. (Def.'s SMF Ex. A, Dkt. [11-3] at 11 of 20, Pl.'s Dep., at 20:3-16.) He does not recall when he made this alleged discovery or what the account number was on the alleged CD. (Def.'s SMF, Dkt. [11-2] ¶ 10.) At the time of the alleged discovery, Plaintiff did not call Defendant or notify anyone else, verbally or in writing, that he had discovered

3

documentation of the alleged CD. (Id. at 11-12 of 20, Pl.'s Dep., at 20:17-21:2.)

Plaintiff further testified at his deposition that after he discovered the CD documentation, he took it to Defendant's Winder, Georgia branch and presented it to an employee of Defendant by the name of "Pam";[1] he does not recall, however, and has presented no evidence regarding, the date or year in which he allegedly presented the documentation to Defendant. (Def.'s SMF, Dkt. [11-2] ¶ 14.) Plaintiff contends that after he presented the CD documentation to Defendant, Defendant misplaced it. Plaintiff did not inform anyone other than "Pam" that he had presented the alleged CD to Defendant or that Defendant had allegedly misplaced it. (Def.'s SMF Ex. A, Dkt. [11-3] at 14-15 of 20, Pl.'s Dep., at 14:4-15, 15:10-15.) Nor did Plaintiff file a written complaint with Defendant after the documentation allegedly was lost. (Id. at 15 of 20, Pl.'s Dep., at 15:19-21.)

---

[1] There is some indication in Plaintiff's deposition that the last name of this employee was "Hill," but Plaintiff testified that he was not sure of her last name. (Def.'s SMF Ex. A, Dkt. [11-3] at 12 of 20, Pl.'s Dep., at 21:15-21, & at 14 of 20, Pl.'s Dep., at 23:11-22.)

4

Defendant has searched its records and found nothing regarding any CD

issued in Plaintiff's name by Defendant or any of its predecessor banks. (Def.'s

SMF, Dkt. [11-2] ¶ 16; Pl.'s Resp. to Def.'s SMF, Dkt. [17] ¶ 16.) Plaintiff has

not identified or produced any personal financial records or other documentary

evidence suggesting that he ever purchased a $45,000.00 CD from Defendant or

any of its predecessors. (Def.'s SMF, Dkt. [11-2] ¶ 17; Pl.'s Resp. to Def.'s

SMF, Dkt. [17] ¶ 17.) Accordingly, the only evidence in the record to support

Plaintiff's allegations that he purchased a $45,000.00 CD from Defendant,

which Defendant subsequently mishandled or misplaced, is Plaintiff's

deposition testimony to this effect. Defendant thus contends, as stated above,

that Plaintiff has failed to produce sufficient evidence to raise a triable issue of

fact, and therefore that Defendant is entitled to judgment as a matter of law.

(See generally Def.'s Mem., Dkt. [11-1].)

## Discussion

### I. Summary Judgment Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be

granted "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

5

56(a). "The moving party bears 'the initial responsibility of informing the . . .

court of the basis for its motion, and identifying those portions of the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, which it believes demonstrate the absence of a genuine issue

of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259

(11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)

(internal quotations omitted)). Where the moving party makes such a showing,

the burden shifts to the non-movant, who must go beyond the pleadings and

present affirmative evidence to show that a genuine issue of material fact does

exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at

248. A fact is not material if a dispute over that fact will not affect the outcome

of the suit under the governing law. Id. An issue is genuine when the evidence

is such that a reasonable jury could return a verdict for the non-moving party.

Id. at 249-50.

Finally, in resolving a motion for summary judgment, the court must

view all evidence and draw all reasonable inferences in the light most favorable

to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296

6

(11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

## II. Defendant's Motion for Summary Judgment [11]

The Court agrees with Defendant that Plaintiff has failed to produce sufficient evidence to raise a triable issue of material fact and survive Defendant's Motion for Summary Judgment. As the Background section demonstrates, the only evidence Plaintiff has presented to support his allegations that he purchased a $45,000.00 CD from Defendant, which Defendant subsequently misplaced, is his own deposition testimony that these events in fact occurred. This testimony certainly is evidence that the Court is

7

bound to consider, and in the light most favorable to Plaintiff for purposes of summary judgment. Newsome, II v. Chatham Cnty. Detention Ctr., 256 F. App'x 342, 346 (11th Cir. 2007) ("[F]or purposes of summary judgment, there is nothing inherently wrong with 'self-serving testimony,' and it may not be disregarded by the district court in determining whether there is a genuine dispute of fact on a material issue in the case."). In this case, however, Plaintiff's testimony alone, does not create a substantial conflict in evidence and therefore does not give rise to a triable issue of fact. See, e.g. United States v. Davis, 809 F.2d 1509, 1512 (11th Cir. 1987) ("To create a jury question, the conflicting evidence must be 'substantial.'") (citation omitted).

Aside from Plaintiff's testimony, there is no evidence in the record that the alleged CD ever existed, much less that it was misplaced by Defendant. Plaintiff has presented no evidence regarding when he allegedly purchased the CD, when he discovered the alleged CD documentation, or when he presented that documentation to Defendant. Similarly, there is no evidence regarding the alleged CD's account number, and Plaintiff does not recall ever receiving account statements or interest distributions. Defendant has no record that Plaintiff ever held a CD with Defendant or any of its predecessor banks.

8

Plaintiff has produced no witnesses to attest to any of his allegations. Given the

record as a whole, and the overwhelming evidence contradicting Plaintiff's

allegations, no reasonable jury could find in Plaintiff's favor. Accordingly, the

Court finds that Defendant's Motion for Summary Judgment is due to be

**GRANTED**.

## Conclusion

In accordance with the foregoing, Defendant's Motion for Summary

Judgment [11] is **GRANTED**.


**SO ORDERED**, this  17th  day of May, 2012.


**RICHARD W. STORY**
United States District Judge

9